UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO DANIEL BALDERRAMOS ALCANTARA, A-233-783-260, | No.  1:26-cv-3536 DC AC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, | |
| Respondent. | |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.      Factual Background

Petitioner is a native and citizen of Honduras who entered the United States in or around March 2012.  ECF No. at 1 at 2, 9.  On January 24, 2024, petitioner submitted an Application for Asylum and Withholding of Removal which is still pending.  Id. at 2, 10.  He appeared for biometric processing on February 14, 2024.  Id. at 10.  On April 22, 2026, petitioner was detained by local law enforcement on his way to work for an alleged traffic infraction.  Id. at 2, 10.  It appears he was transferred to the custody of Immigration and Customs Enforcement (ICE) the same day, as he was issued a Notice to Appear, which charged him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I).  ECF No. 5-1 at 1-4.  Petitioner has not been provided a

1

bond hearing and has not requested one since immigration judges have been denying such requests made by individuals similarly situated to petitioner on the ground that the court lacks jurisdiction.  ECF No. 1 at 2, 4.  Petitioner asserts that he has no criminal charges.  Id. at 2, 10.

II.    Procedural History

On May 7, 2026, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention.  ECF No. 1.  The petition asserts that petitioner's continued detention under § 1225(b)(2) violates the Immigration and Nationality Act because he is subject to § 1226(a); the denial of a bond hearing violates the Administrative Procedures Act; and petitioner's detention without a bond hearing violates due process.  Id. at 10-11.

On May 11, 2026, the undersigned ordered respondents to respond to the petition and directed them to "substantively address whether there are any factual or legal issues that materially distinguish this case from Labrador-Prato v. Noem, No. 1:25-cv-1598 DC SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), Selis Tinoco v. Noem, No. 1:25-cv-1762 DC JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), and other similar cases previously decided by this court."  ECF No. 4.  The response states that "[t]his case is not substantively distinguishable from the Court's prior cases listed in the Order."  ECF No. 5 at 1.  Respondents nonetheless argued that petitioner's due process rights have not been violated because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and he has been provided all the due process to which he is entitled.  Id. at 2-3.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

2

IV.    Discussion

Respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in Labrador-Prato v. Noem, 2025 WL 3458802; Selis Tinoco v. Noem, 2025 WL 3567862; or any other similar cases previously decided by this court.  Considering the facts of this case and respondents' failure to distinguish it case in any way, the undersigned adopts and incorporates by reference the reasoning in Labrador-Prato and Selis Tinoco and finds that petitioner is subject to § 1226(a) and not § 1225(b)(2), and was statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a).  Moreover, though it appears that petitioner was not previously detained like the petitioners in Labrador-Prato and Selis Tinoco, the undersigned finds that petitioner was entitled to a bond hearing prior to his detention.  See Osman v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-3641 DC AC, 2026 WL 1389891 (E.D. Cal. May 18, 2026) ("Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section." (citing Alvarez Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026); Barajas Ortiz v. Chestnut, No. 1:26-cv-1167 DC SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026); Zuniga Cruz v. Noem, No. 1:26-cv-1818 DC EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026))).

Because respondent does not provide any extenuating circumstances that would warrant petitioner's continued unlawful detention pending a bond hearing, the court finds that the appropriate relief is petitioner's immediate release.  See Alvarez Maciel, 2026 WL 496948, at *5; Osman, 2026 WL 1389891, at *1 ("the proper remedy for Respondent's failure to provide Petitioner with a statutorily compliant bond hearing is Petitioner's immediate release" (citing Zuniga Cruz, 2026 WL 890471, at *4)).  Because relief is appropriate on Claim One, the court declines to address petitioner's other claims, as they seek the same or similar relief (i.e., petitioner's immediate release).

////

////

3

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a. Respondents shall IMMEDIATELY RELEASE petitioner Pablo Daniel Balderramos Alcantara, A-233-783-260, from custody.  At the time of release, respondents must return all of petitioner's documents and possessions.

    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

    c. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety.

    d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release.

3. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the

////

4

District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 29, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE